FILED

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA         98 JAN 14 PM 2: 46
                        SOUTHERN DIVISION
                                                           U.S. DISTRICT COURT
SEQUELAJAH ALGHANEE, et al.,  }                              N.D. OF ALABAMA
                              }
     Plaintiffs               }
                              }     CIVIL ACTION NO.
     vs.                      }
                              }     CV-97-AR-0109-S
CITY OF BIRMINGHAM ,          }
                              }                              ENTERED
     Defendant                }
                                                            JAN 1 4 1998
```

## MEMORANDUM OPINION

### I. Defendant's Motion For Summary Judgment

Presently before the court is a motion by the defendant, City of Birmingham ("City"), for summary judgment on all claims asserted by plaintiffs who allege, pursuant to 42 U.S.C. § 1983, that their Fourth, Fifth, and Fourteenth Amendment rights were violated by the City. The seven plaintiffs also make Alabama state law claims of assault, battery and negligent supervision. Three of the plaintiffs further assert the state law claim of false imprisonment.

This action arises out of a demonstration that took place on January 15, 1994, in which plaintiffs, who did not have a City permit, participated. Eventually, a confrontation arose between the demonstrators and the Birmingham Police Department. Some police officers used mace on some of the demonstrators. Two of

the plaintiffs were arrested and held for a period of time, but not prosecuted.

The City filed its first summary judgment motion on January 15, 1997, when this case was before another judge of this court. In support of its motion, the City then argued that the plaintiffs had not demonstrated the existence of facts sufficient to impose municipal liability. The City relied upon *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S. Ct. 1197 (1989) (citing *Monell v. Department of Social Services, City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978)). The City also claimed that it was entitled to summary judgment on plaintiffs' pendent state law claims. At that time the plaintiffs failed to respond in any way whatsoever to the City's Rule 56 motion regarding plaintiffs' state law claims.

The first judge to whom this case was assigned denied the City's motion for summary judgment, because he concluded that a genuine issue of fact did exist as to whether the City properly trained its police officers for crowd and riot control. The court did speak to plaintiffs' pendent state law claims, a fact that the City now argues is conclusive of those claims against plaintiffs by necessary implication. After the case was reassigned and after further discovery was conducted, the City

has now filed a renewed motion for summary judgment as against plaintiffs' § 1983 claim, contending that said claim presents the only remaining issue.[1] The City further contends that, even if state law claims remain, Alabama Code § 11-47-190 immunizes the City against such claims. In support of its renewed attack on the § 1983 claims, the City asserts that plaintiffs have not shown that the City's crowd and riot control training is inadequate, nor can the plaintiffs show deliberate indifference. Therefore, argues the City, plaintiffs cannot prevail under the *Monell/City of Canton* analysis and that summary judgment is appropriate on their § 1983 claim. The effect of *Board of County Commissioners of Bryan County, Okla. v. Brown*, \_\_ U.S. \_\_, 117 S. Ct. 1382 (1997), if any, on plaintiff's cause of action is not explored by defendant or by plaintiffs.

In response to the City's second summary judgment motion, plaintiffs only address the City's assertion that they cannot meet the *Monell/City of Canton* test. Plaintiffs mention no state law claims in the pre-trial order, precluding the continued pursuit of such claims under Rule 16(e), F.R.Civ.P., even if they

---

[1] A § 1983 failure to train claim is the only device by which plaintiffs can pursue their allegations regarding violations of their Fourth, Fifth and Fourteenth Amendment rights. See *Walker v. City of New York*, 974 F.2d 293, 295 - 98 (2nd. Cir. 1992) (discussing *Monell* and its progeny) (cited with approval in *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 490 (11th Cir. 1997))

3

have not already been implicitly dismissed.

The court finds that the plaintiffs still have barely managed to produce enough evidence to create a genuine issue of material fact regarding the sufficiency of the City's crowd and riot control training procedures. Specifically, a jury <u>could</u> find liability under *Monell/City of Canton* because, according to the present state of the evidence, the City has failed to provide crowd and riot control refresher training, as well as First Amendment rights training. Accordingly, with fear and trepidation, this court will deny the City's motion for summary judgment on plaintiffs' § 1983 claim, expecting to revisit the issues under a Rule 50(a) motion. Because the plaintiffs have abandoned their state law claims, summary judgment as to said claims will be granted in order to remove any possible ambiguity. *See Lyles v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) (holding that a plaintiff abandons claims asserted in her complaint, but not addressed in response to a motion for summary judgment)(citations omitted); *Oliver v. Russell Corp.*, 874 F. Supp. 367, 371 (M.D. Ala. 1994 (holding that the plaintiff abandoned all claims raised in the complaint, but not raised in the pretrial order) (citing *McGinnis v. Ingram Equip. Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir.1990)).

## II. Plaintiffs' Motion To Strike

Also before the court is plaintiffs' motion to strike several affidavits submitted by the City in support of its motion for summary judgment. Because the court was able to reach its decision on the motion for summary judgment without relying on the affidavits in question, plaintiffs' motion will be deemed moot.

## III. Conclusion

A separate, appropriate order will be entered.

DONE this 14th day of January, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE